# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2021

Lyle W. Cayce
Clerk

No. 20-50477
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Fausto Martinez-Lopez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-722-1

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

Fausto Martinez-Lopez was convicted of one count of transporting an undocumented alien for the purpose of private financial gain. The district court sentenced him to 41 months of imprisonment and 3 years of supervised

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

release. On appeal, Martinez-Lopez challenges the sufficiency of the evidence to support his conviction. For the reasons below, we AFFIRM.

One evening in October 2019, Martinez-Lopez arrived at the United States Border Patrol checkpoint in Marfa, Texas, in a silver minivan. Martinez-Lopez, who is a lawful permanent resident of the United States, was the sole occupant in the car. Martinez-Lopez told the Border Patrol agent that he was moving his girlfriend to Presidio, Texas, but the agent saw no luggage or boxes. Although the agent noticed that one of the rear seats had been folded down and that there were shoeprints inside the car, the agent allowed Martinez-Lopez to proceed through the checkpoint.

About an hour later, other agents received notice that individuals were walking south of the checkpoint. The agents apprehended eight Mexican citizens, who lacked authorization to be in the United States. Because the agents believed that the eight individuals had been dropped off south of the checkpoint and were attempting to walk around the checkpoint to rejoin their driver, the agents transported them to the Marfa station for processing. Soon after, other agents found Martinez-Lopez, sitting inside the silver minivan in a parking lot where drivers were known to pick up undocumented aliens. Martinez-Lopez permitted the agents to search the car, and the agents found several sandy shoeprints. They brought Martinez-Lopez to the Marfa station for further investigation.

A grand jury charged Martinez-Lopez with one count of transporting an undocumented alien for private financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(B)(i). He pleaded not guilty and proceeded to trial. At trial, Manuel De Jesus Puebla-Rios, one of the Mexican citizens apprehended by agents, testified that he had made arrangements to pay Martinez-Lopez to transport him from Mexico into the United States for $7,000: $2,000 upfront and $5,000 once they arrived in Odessa, Texas.

No. 20-50477

Puebla-Rios said that a friend from Georgia promised to lend him the money. Although he did not directly pay Martinez-Lopez, Puebla-Rios believed that Martinez-Lopez had received money, and federal investigators later determined that Martinez-Lopez had received a $992 wire transfer from Georgia.

After the Government rested its case, Martinez-Lopez unsuccessfully moved for a judgment of acquittal under Rule 29 on the basis that the Government had failed to meet its burden to prove its case beyond a reasonable doubt. FED. R. CIV. P. 29(a). The jury found that Martinez-Lopez was guilty of the offense for the purpose of financial gain. The district court sentenced Martinez-Lopez to 41 months of imprisonment and three years of supervised release. Martinez-Lopez timely appealed.

Because Martinez-Lopez timely moved under Rule 29, he preserved his challenge to the sufficiency of the evidence, and we review that challenge de novo. *See United States v. Resio-Trejo*, 45 F.3d 907, 910 n.6 (5th Cir. 1995); *United States v. McCall*, 553 F.3d 821, 830 (5th Cir. 2008). Our review is "highly deferential to the verdict." *United States v. Beacham*, 774 F.3d 267, 272 (5th Cir. 2014). We will affirm the jury's verdict if a reasonable trier of fact, "viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict," could determine that "the elements of the offense were established beyond a reasonable doubt." *McCall*, 553 F.3d at 830.

To convict a defendant of transporting an illegal alien within the United States for private financial gain, a jury must find that: "(1) an alien entered or remained in the United States in violation of the law; (2) the defendant transported the alien within the United States with intent to further the alien's unlawful presence; (3) the defendant knew or recklessly disregarded the fact that the alien was in the country in violation of the law;

and (4) the defendant took these actions for pecuniary or commercial gain." *United States v. Almaral*, 719 F. App'x 396, 397 (5th Cir. 2018) (cleaned up) (quoting *United States v. Nolasco-Rosas*, 286 F.3d 762, 765 (5th Cir. 2002) and citing 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(B)(i)).

Martinez-Lopez challenges the sufficiency of the evidence for the fourth element. He claims that the evidence was insufficient to establish that he transported an undocumented alien for financial gain because Puebla-Rios did not directly pay him. However, the evidence at trial, viewed in the light most favorable to the verdict, was sufficient for the jury to conclude that Martinez-Lopez transported Puebla-Rios to receive a financial benefit. The Government adduced proof that Puebla-Rios had agreed to pay Martinez-Lopez a total of $7,000 for his safe transport to Odessa, Texas, and that Martinez-Lopez had received a wire transfer of money before he transported Puebla-Rios. Because the Government provided evidence of both actual and expected payments to Martinez-Lopez, the Government did not need to prove that Puebla-Rios directly paid Martinez-Lopez. *See United States v. Garcia*, 883 F.3d 570, 573 (5th Cir. 2018).

We AFFIRM.